In the Matter of EARL L. ALLEN et al., Petitioners, against JOSEPH A. McNAMARA et al., Constituting the Municipal Civil Service Commission of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, May 6, 1949.

*Samuel D. Smoleff* for petitioners.

*John P. McGrath, Corporation Counsel (William E. Walsh* of counsel), for respondents.

EDER, J. Proceeding under article 78 of the Civil Practice Act.

Petitioners are employed by the board of transportation as surface line operators in the competitive class of the civil service; they were appointed to such positions after taking and successfully passing a competitive civil service examination; both are veterans of World War II and hold certificates of honorable discharge from military service.

In February, 1944, while petitioners were in military service and on military duty, the municipal civil service commission conducted a competitive promotion examination for the position of surface-line dispatcher, and thereafter, in August, 1944, the commission promulgated a promotion eligible list for said position as a result of said examination. Said promotion examination was open to persons holding positions as surface-line operators. Petitioners were eligible and entitled to participate in said promotion examination, but were unable to do so solely because of their absence in military service.

Petitioner Allen was discharged from military service on January 11, 1946, and was restored to his position on March 11, 1946. Petitioner Boerner was discharged from military service on December 24, 1946, and was restored to his position on March 7, 1947.

By virtue of the provisions of subdivision 5 of section 246 of the Military Law, as amended by chapter 158 of the Laws of 1947, the petitioners were given the right to a special military promotion examination for the position of surface-line dispatcher, comparable to the original examination given for that position in 1944.

It was required, however, that request for such examination be made within sixty days of restoration to the position. Petitioner Allen failed to make a request within sixty days, but by virtue of the amendment to subdivision 5 of section 246 of the Military Law (L. 1947, ch. 158) he was permitted to make a request for a comparable examination, provided the request was made prior to December 31, 1947.

Petitioner Allen made such request on December 10, 1947. Petitioner Boerner made his request on December 7, 1947. Thus both petitioners filed within the statutory period.

On May 20, 1948, the petitioners were given the practical-oral test part of the examination by the civil service commission, which both of them passed, petitioner Allen receiving a rating of 83% and petitioner Boerner 82.5%, both of which ratings were above the passing mark of 70%.

The existing promotion eligible list for the position of surface-line dispatcher was then in existence and remained in existence until August 21, 1948, when it expired.

Notwithstanding the expiration or termination of said list, and, on September 3, 1948, the commission gave to the petitioners a further examination, i.e., the written part of the promotion examination for surface-line dispatcher. Petitioners allege that on or about September 24, 1948, the commission notified them that they had obtained places on the said promotion list, as follows: Petitioner Boerner, No. 285.5, and petitioner Allen, No. 292.5.

The petition alleges that prior to the expiration or termination of said promotion eligible list there had been many promotions of persons, pursuant to certification from said list, whose standings on said list were lower than No. 285.5 or 292.5. Petitioners also allege that with respect to the practical-oral part of the examination held on May 20, 1948, after the ratings of the petitioners had been ascertained, as afore-mentioned, there were many promotions of persons, pursuant to certification from said promotion eligible list for surface-line dispatcher, whose ratings were lower than the ratings of 83% and 82.5% received by the petitioners.

In the brief of the respondents it is stated: '' It is readily admitted that persons with standing lower than those attained by the petitioners have been certified and appointed as Surface Line Dispatchers but such persons were all veterans who requested and took special military examinations and attained places on the original list while that list was in existence.''

This brings us to the nub of the controversy, as I view the situation.

As mentioned, petitioner Allen filed his request for a special military examination on December 10, 1947, and petitioner Boerner filed his request on December 7, 1947. They were both summoned for and did take the practical-oral test part of the examination on May 20, 1948, and both were successful in this test.

It is argued by respondents that this was but a part of the whole examination which they were required to take; that in addition, as set forth in the notice of examination published by the civil service commission, the petitioners were required to take a written examination and they were also to be rated for record and seniority; that various weights were assigned to each of these parts and that without taking all parts of the

examination, no candidate could obtain a place on the eligible list.

The argument is then made that had the petitioners not been dilatory in filing their request for a special military examination they, too, would undoubtedly have been appointed to the position prior to the expiration of the original eligible list and since they did not do so, they have no cause for complaint.

Respondents thus set forth their position in the return: " The petitioners here had ample opportunity to take an examination prior to the one for which they finally filed. That they failed to make application for an early examination can in no way be attributed to any action on the part of the Civil Service Commission. Had they taken advantage of the opportunities offered to them both would have been on the eligible list prior to its expiration date and undoubtedly would have been appointed. However, their examinations not having been completed until after the list had expired, and since the marks attained by them were not so high that they would have been reached for certification while in the military service, there is no merit in their present application for further consideration."

I do not quite understand this position and line of reasoning.

After taking and successfully passing the practical-oral test part of the examination on May 20, 1948, the commission did not give, or offer to give, the petitioners any further examination during the existence of the said promotion eligible list. This list expired on August 21, 1948. For over a period of five months the commission did nothing to give the petitioners an opportunity to take the second part of the examination. Instead, they gave them such an examination after the promotion eligible list was no longer in existence, viz., on September 3, 1948.

As I comprehend it, it is now the position of the respondents that it was the duty of the petitioners to request the commission to give them the further examination before the promotion eligible list expired.

I am not in accord with this view, nor can I see that the omission of the commission to give such examination before the expiration date of said list, can be visited upon the petitioners. In my opinion this was the duty of the commission in properly carrying out the intent of the law, and apparently it recognized this to be so and sought to overcome the omission to call for an examination before August 21, 1948, by giving such an examination to the petitioners even though the promotion eligible list had expired. This belated examination was an idle proceeding, and of no effect.

It seems to me, in the situation disclosed, that if the commission did contemplate a further examination it was bound, in properly discharging its functions, to give it during the life of the eligible list and that its failure or omission to do so may not be held to militate against the petitioners who had no control over the examination, and should be held to constitute a waiver of any further examination. The petitioners acquired certain rights while the list was in existence and they may not be nullified by any act of omission by the commission in failing to give the petitioners a further examination before the expiration of the promotion eligible list. No case has been called to my attention by respondents holding to the converse.

In sum, the petitioners predicate their claim upon the *original* list. The premise they advance is that if they had been properly placed upon that list in their relative order of merit they would have been reached and certified while that list was still in existence in view of the fact that that entire list was utilized in making promotions, and what they are asserting is a present right to be certified, acquired during the existence of the original list.

By this proceeding the petitioners seek an order directing the commission to certify their names to the board of transportation for promotion to the position of surface-line dispatcher *nunc pro tunc* as of the date on which such certification would and should have been made if their names had been placed on said promotion eligible list in relative order as determined by the marks they received in the examination held on May 20, 1948, and directing the board of transportation to act upon such certification, and petitioners also seek the difference between their present salaries as surface-line operators and the salary of surface-line dispatchers for the period during which they allege they have been unlawfully denied their rights under the Military Law.

After due consideration I have reached the ultimate conclusion that the grounds of opposition and defense offered by respondents are untenable and that the petitioners are entitled to the relief sought.

The application is, accordingly, granted. Settle order.